*373 MEMORANDUM BT THE COT7RT, MARCH 5, 19 34
This case was submitted to the court upon the commissioner’s findings of fact. The parties to the case did not file briefs. The findings disclose that the plaintiffs were the owners and in possession of a tract of land containing 18.044 acres, situated in Monongalia County, West Virginia, subject, however, to the dominant right of the owners of two adjoining tracts to travel over a private roadway existing upon said 18.044-acre tract in order to afford all parties ingress and egress to their respective premises.
The Government in improving the Monongahela River in aid of navigation changed the location of an existing dam and by the erection of a new one thereby took from the plaintiffs 1.9 acres of their tract, including the entire, or at least the greater, portion of the private roadway above described. This fact is admitted, for in 1926 the plaintiffs and the two adjacent landowners entered into an agreement with the Government officials in charge of the work wherein all parties *374 agreed that in consideration of the payment to the plaintiffs by the Government of $3,500 the plaintiffs would deed to the Government the 1.9 acres of land taken.
The consideration for the deed was predicated upon the cost and expense of restoring the destroyed private roadway, as well as damages to plaintiffs’ land. The lowest bid received for restoring the roadway was $3,500.
In October 1928 the plaintiffs executed and delivered to the Government a deed for the 1.9 acres, the expressed consideration being $3,435. This deed was duly recorded by the Government.
The plaintiffs did not restore the old private road. Instead, they purchased from another a tract of 3.6 acres for. $500, and at an added expense of at least $100 proceeded to obtain temporary rights of passage over the tract purchased, until a new road might be constructed affording the same rights of ingress and egress to the plaintiffs and the owners of the easement as had previously obtained.
This arrangement was unsatisfactory to. the owners of the easement, and despite the execution by the plaintiffs of deeds to them conveying rights of travel over said new road, they-declined to contribute their proportionate part of the expense thereof, insisting that the settlement agreements of 1926 required the restoration of the old road.
The Government under the facts found declined to pay the $3,435 mentioned in the deed of 1928, and the plaintiffs have received no damages for the taking of their lands.
The court is not concerned with the controversy between the plaintiffs and the owners of the easement. The plaintiffs are, as found, entitled to a judgment for the value of their lands and rights taken,- but we are without proof as to the value of the same. We cannot predicate a money judgment upon the expressed consideration stated in the deed of 1928, for it is admitted that the sum therein stated was based upon the restoration of the old road. That this is evident is plainly attested by the fact that the Government would not have consented to pay $3,435 for title to 1.9 acres of land, even including the damage due to the subsequent taking, and the payment of said sum and acceptance of a deed would not extinguish all outstanding title to the land.
*375 The plaintiffs being entitled upon proper proof to a judgment as and for a taking of their land for a public purpose, the court remands the same to Commissioner Foster to take such proof upon this issue as the parties submit, and make an additional finding upon this single issue.
SUPPLEMENTAL MEMORANDUM, DECEMBER 3, 1934
When this case was first before the court no proof appeared in the record as to the value of the land taken or damages suffered because of the taking. The findings did disclose an agreement for the settlement of the same and a deed made by the owners of the land to the United States for a consideration of $3,435, contingent upon the plaintiffs’ restoring the old road. A controversy arose which resulted in the Government officials accepting the deed, but declining to pay the consideration stated therein, and the plaintiffs have received nothing. After the deed was executed, as shown in finding X the Government by the addition of a dashboard to the existing dam again increased the pool level an additional foot, and the record establishes that under existing conditions, for which the plaintiffs ■ are not responsible, the old road may not be constructed except at prohibitive expense, and even then not feasible. The proof shows that by utilizing the property acquired by plaintiffs and perhaps some portion of the old road, the plaintiffs can afford an outlet from their and adjoining owners’ premises to the public road, and that the plaintiffs are entitled to an award of $4,116, with interest at six percent per annum from the date of taking until paid. Judgment for that sum is awarded. It is so ordered.